IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARTANUM DEMETRIUS IVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-055 |
| | ) | (Formerly CR 109-104) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institute in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

**A.     Indictment and Agreement to Plead Guilty**

On July 9, 2009, the grand jury in the Southern District of Georgia charged Petitioner in a five-count indictment with multiple commercial robbery and firearms related charges, including one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Ivey, CR 109-104, doc. no. 1 (S.D. Ga. Jul. 9, 2009) (hereinafter "CR 109-104"). The Court appointed attorney Joseph E. Spires under the Criminal Justice Act to represent Petitioner. CR 109-104, doc. no. 20.

> Particular to the brandishing charge, Count Two, the indictment alleged Petitioner
>
> did knowingly use, carry, and brandish a firearm, that is, a HiPoint, Model JCP, .40 caliber pistol, serial number X743 594, during and in relation to a crime of violence, that is, interference with commerce by robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count One of this indictment.  All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Id., doc. no. 1, p. 2.

On March 18, 2010, Petitioner appeared with counsel and pled guilty to the robbery charge in Count One and the brandishing charge in Count Two. Id., doc. nos. 30, 32.  In exchange for the guilty plea, the government agreed to (1) dismiss the four other counts in the indictment; and (2) not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines. Id., doc. no. 31, pp. 1-2.  For his part, Petitioner admitted (1) he knowingly, willingly, and unlawfully took property belonging to Express Cash from the presence of A.J., against her will, by brandishing a firearm and demanding money; and (2) he knowingly used, carried, and brandished a HiPoint, Model JCP, .40 caliber pistol, during and in relation of interference with commerce by robbery. Id. at 5-6.  He further agreed to waive the right to appeal or collaterally attack his conviction in any post-conviction proceeding unless his sentence exceeded the statutory maximum or the sentencing court upwardly departed from the advisory Guidelines range. Id. at 5.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at seventeen, Criminal History Category at VI, and Guidelines imprisonment range at 51 to 63

months, plus an eighty-four month consecutive sentence as to Count Two.  PSI ¶ 60.  Because Petitioner was convicted under 18 U.S.C. § 924(c)(1)(A)(ii), the statutorily required term of imprisonment was at least seven years and not more than life, and that term of imprisonment could not be served concurrently with any other term of imprisonment imposed.  PSI ¶ 59.  Therefore, his guideline range for the brandishing charge was the statutory minimum—eighty-four months consecutive to his sentence on Count One.  PSI ¶ 60.  No objections to the PSI were filed.  See PSI Add.

At sentencing on June 2, 2010, United States District Judge J. Randal Hall imposed a sentence of imprisonment of 144 months.  CR 109-104, doc. nos. 37, 38.  Judgment was entered on June 9, 2010.  Id., doc. no. 38.  Petitioner did not file a direct appeal.

### C. § 2255 Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion on April 26, 2016, and the Clerk of Court filed it on May 3, 2016.  (Doc. no. 1, pp. 1, 12.)  In his original papers, Petitioner raises one ground for relief, asserting that after Johnson, his enhancement for a crime of violence under

3

§ 924(c)(1)(A)(ii) is now unconstitutional. (Id. at 4.) Petitioner asks his sentence be reduced in accordance with the decision in Johnson. (Id. at 12.)

Petitioner filed a second § 2255 motion on June 6, 2016, asserting his original claim and an additional claim that the indictment did not charge him properly for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A). (Doc. no. 4.) Because Petitioner's original §2255 motion was still pending, the Court construed his newly filed motion as a motion to amend. (Doc. no. 3, p. 2.) The Court then denied Petitioner's motion to amend because it added untimely claims, and also denied a subsequently filed motion to hold the case in abeyance pending the Supreme Court's decision in Beckles v. United States. (Doc. nos. 3, 8.) The Court stated its intention to address Petitioner's original § 2255 motion on the merits. (Id.)

Respondent contends Petitioner's § 2255 motion should be denied because "[t]he Eleventh Circuit has held, squarely, that Hobbs Act robbery remains a qualifying predicate for purposes of a § 924(c) conviction, even after Johnson, because it qualifies under the separate elements-based portion of the 'crime of violence' definition." (Doc. no. 6, p. 3.)

## II. DISCUSSION

### A. There is No Need for an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not

entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).  Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

    **B.    Petitioner's Johnson Claim Has No Merit.**

Petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) by using, carrying, and brandishing a firearm during a crime of violence.  CR 109-104, doc. nos. 1, 31, 32.  Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes.  For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

    (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

The Eleventh Circuit has not decided whether Johnson applies to § 924(c) by invalidating sentences which relied on § 924(c)(3)(B)'s residual clause.  In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016).  However, the Eleventh Circuit has noted that the ACCA's

5

residual clause and the § 924(c)(3)(B) residual clause have differing language and statutory purpose.  In re Colon, 826 F.3d 1301, 1304 (11th Cir. 2016).

Although whether Johnson applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A).  In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016).

Here, in addition to pleading guilty to using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner pled guilty to and was convicted of Hobbs Act robbery.  CR 109-104, doc. nos. 1, 30, 31, 32.  In the indictment, Petitioner was charged with, and pleaded guilty to, one count of "knowingly, willfully, and unlawfully tak[ing] and obtain[ing] property . . . from the presence of A.J., against her will, and by means of actual and threatened force, violence, and fear of injury to their persons, by brandishing a firearm and demanding money . . . in violation of Title 18, United States Code, Sections 1951."  Id., doc. no. 1, pp. 1-2.  Consequently, even if Johnson invalidates § 924(c)'s residual clause, Petitioner's conviction for Hobbs Act robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).  See Colon, 826 F.3d at 1305 (holding aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); Fleur, 824 F.3d at 1341 (holding actual commission of Hobbs Act robbery meets use-of-force clause of definition of crime of violence under § 924(c)(3)(A)).  Accordingly, Johnson does not provide Petitioner with relief, and his motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**,

and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA